UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL CLEMONS,

Plaintiff,

v.

EMA HILDA CLEMONS,

Defendant.

Case No. 17-cv-05449 NC

**REPORT AND RECOMMENDATION UNDER 28 U.S.C. § 1915 TO DISMISS AMENDED COMPLAINT; ORDER TO REASSIGN CASE TO DISTRICT COURT JUDGE**

Re: Dkt. No. 6

The Court previously granted plaintiff Michael Clemons' application to proceed in forma pauperis, but dismissed his complaint for failure to state a claim. Dkt. No. 5. Mr. Clemons filed an amended complaint on October 24, 2017. Dkt. No. 6. The Court does not modify its finding on Mr. Clemons' application to proceed in forma pauperis.

However, because the Court finds that Mr. Clemons has not cured the deficiencies present in his original complaint in the amended complaint, the Court RECOMMENDS that the district court judge dismiss Mr. Clemons' amended complaint without prejudice to refiling in state court.

Because both parties have not consented to the jurisdiction of a magistrate judge, the Court ORDERS that this case be reassigned to a district court judge.

**I.  SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding in forma pauperis pursuant to 28

Case No. 17-cv-05449 NC

1  U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the
2  Court if the complaint is frivolous, malicious, fails to state a claim upon which relief may
3  be granted, or seeks monetary relief from a defendant who is immune from such relief. 28
4  U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Also, under Federal Rule of Civil Procedure 8, a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

## II. DISCUSSION

Here, Mr. Clemons has complied with a number of the Court's directions in its earlier order, but fails to provide a basis for the Court's jurisdiction and fails to state a claim.

First, federal courts are courts of "limited jurisdiction" and only have jurisdiction as authorized by the Constitution and Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The party seeking to invoke federal court jurisdiction (here, Mr. Clemons) has the burden of establishing that federal subject matter jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The Court must presume a lack of jurisdiction until the plaintiff establishes otherwise. *Id.*

As discussed in the Court's prior order, potential sources of subject matter jurisdiction in this case are: (1) federal question jurisdiction, and (2) diversity jurisdiction.

"Federal question" jurisdiction is assessed under 28 U.S.C. § 1331. The federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)

Case No. 17-cv-05449 NC        2

(citations omitted).

"Diversity jurisdiction" is assessed under 28 U.S.C. § 1332. The court considers the citizenship of each party to the lawsuit, and there must be "total diversity" of citizenship between each plaintiff and each defendant and the amount in controversy must exceed $75,000. In other words, the plaintiff and the defendant must be citizens of different states and have a dispute with significant financial impact.

Here, Mr. Clemons has not alleged that any federal claim creates his claim for $26,000,000.00 or that his right to relief depends on resolution of a substantial question of federal law. *Empire*, 547 U.S. at 689-90. Indeed, the Court cannot identify *any* claim in the amended complaint, which appears to assert some type of theft at an unspecified time. Thus, for the same reasons stated in the Court's prior order, Mr. Clemons fails to state a claim under Federal Rule of Civil Procedure 8.

As to diversity jurisdiction, Mr. Clemons has not provided any facts regarding the citizenship of Ema Hilda Clemons, the defendant. He merely alleges that she is a citizen of the United States. Dkt. No. 6. Indeed, based on the P.O. Box address provided in the amended complaint, it appears that Ms. Clemons is a citizen of California. *Id.* Thus, even though Mr. Clemons did provide an amount in controversy—$26,000,000.00—which plainly exceeds the $75,000.00 minimum amount in controversy, he has not sufficiently alleged facts showing that the Court has subject matter jurisdiction over his claim.

Mr. Clemons has not cured the deficiencies in his complaint despite the Court's direction that he do so, and the Court's recommendation that Mr. Clemons seek help from the Federal Pro Se Program. Thus, because both parties have not consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), the Court ORDERS that this case be reassigned to a district court judge. *Williams v. King*, No. 15-15259, 2017 WL 5180205 (9th Cir. Nov. 9, 2017). The Court RECOMMENDS that the district court dismiss Mr. Clemons' amended complaint without prejudice to refiling in state court.

Case No. 17-cv-05449 NC  3

Mr. Clemons may object to this order, but must do so within 14 days of being served. Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: November 22, 2017  _____
NATHANAEL M. COUSINS
United States Magistrate Judge